**In the Matter of S. M. H., Alleged Delinquent Child.**

**No. 13185.**

Supreme Court of South Dakota.

Argued March 25, 1981.

Decided June 10, 1981.

Karen L. Crew, Clay County Deputy State's Atty., Vermillion, for appellant State of South Dakota.

Larry A. Nelson of Minick, Nelson & Mc Culloch, Vermillion, for appellee S. M. H.

HENDERSON, Justice.

On June 25, 1980, the trial court entered an order which dismissed with prejudice a delinquent child action against S.M.H. (appellee). Prior to this dismissal, appellee applied for, and was granted, court-appointed counsel. Appellee had signed an application which stated that the laws of South Dakota permit the county to file a lien on appellee's personal and real property for a period of ten years if the county should provide him with, and pay for, legal counsel.

■ Subsequent to the aforementioned dismissal, appellee moved the trial court to return his Honda dirt bike which was seized and held by the State pending the delinquent child action; a hearing was held on this motion. As a result of this hearing, the trial court ordered the property returned to appellee. Clay County (appellant), maintaining that a lien is created when counsel is provided, appeals from this order contending that it is entitled to retain possession of the property pursuant to its lien thereon. We disagree and affirm.

This Court's sole issue for determination is whether appellant is entitled to retain possession of appellee's property. The operative statute involved in this case is SDCL 23A–40–11, which provides:

There is hereby created a lien, enforceable as provided by this chapter, upon all the property, both real and personal, of any person, including the parents of a minor child, for whom legal counsel or a public defender has been appointed under the provisions of § 23A–40–6 or subdivision (2) of § 23A–40–7. The services rendered and expenses incurred thereunder shall constitute a claim against such person and his estate, enforceable according to law in an amount to be determined by the presiding judge of the circuit court and paid by the county chargeable therefor.

We are cognizant that SDCL 23A–40–13 pertains to the enforcement of a lien created under SDCL 23A–40–11. The issue of enforcement, however, does not arise under these facts due to the lack of compliance with SDCL 23A–40–11.

Here, a review of the record indicates that the prerequisites of SDCL 23A–40–11 have not been satisfied. Indeed, it appears that appellee's court-appointed counsel has yet to submit a statement for his services to the presiding judge of the applicable circuit. Therefore, there has been no determination by the presiding judge of the circuit court

as to the propriety of the statement, nor has the county made payment. Without a determination of the specific amount of the county's lien and payment thereof, the lien fails to vest.

■ Appellant also cites SDCL 44–1–11 as authority for its proposition that it is entitled to maintain possession of appellee's property. SDCL 44–1–11 provides:

One who holds property by virtue of a lien thereon is not entitled to compensation from the owner thereof for any trouble or expense which he incurs respecting it, except to the same extent as a borrower under §§ 43–37–11 and 43–37–12.

This statute begs the threshold plateau which must be met before any property retention can occur; that is, an enforceable lien must be in existence. Suffice it to say that we do not believe that this statute, in and of itself, authorizes appellant to maintain possession of appellee's property.

In short, under these facts we hold that there is no applicable statutory authority which allows appellant to retain possession of the property in question.

The order of the trial court is affirmed.

All the Justices concur.